

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-15-00062-CR

**IN RE** Ronjee **MIDDLETON**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:      Karen Angelini, Justice
               Patricia O. Alvarez, Justice
               Jason Pulliam, Justice

Delivered and Filed:  March 4, 2015

PETITION FOR WRIT OF MANDAMUS DENIED

On February 9, 2015, relator Ronjee Middleton filed a petition for writ of mandamus complaining of the trial court's denial of Middleton's motion to unseal an exhibit containing the juror information cards for venire members seated in his criminal jury trial. *See* TEX. CODE CRIM. PROC. ANN. art. 35.29(a)-(b) (West Supp. 2014) (protecting juror information from disclosure except upon showing of good cause). The court has considered Middleton's petition and is of the opinion that he is not entitled to the relief sought.

Prior to voir dire examination in the underlying proceeding, the State requested a jury shuffle. Defense counsel objected to the jury shuffle on the ground that it violated relator's rights under *Batson v. Kentucky*. 476 U.S. 79, 89 (1985) (finding that the systematic exclusion of venire

---

[1] This proceeding arises out of Cause No. 2013-CR-0666, styled *The State of Texas v. Ronjee Middleton*, pending in the 227th Judicial District Court, Bexar County, Texas, the Honorable Kevin M. O'Connell presiding.

members as potential jurors on the basis of race violates equal protection principles). The trial court overruled Middleton's objection and the trial proceeded. The jury ultimately convicted Middleton of aggravated assault with a deadly weapon and Middleton timely filed a notice of appeal. The appeal, styled *Middleton v. State*, Appeal No. 04-14-00678-CR, remains pending before this court. Middleton moved to unseal the juror information cards so they could be included in the record on appeal, in which he intends to argue the trial court erred in overruling his *Batson* challenge to the jury shuffle. The trial court denied Middleton's motion and Middleton now seeks mandamus relief.

The Supreme Court, in *Batson* created a framework allowing a criminal defendant to enforce equal protection principles to prevent the State's exercise of peremptory challenges in a racially discriminatory manner. *Batson*, 476 U.S. at 96-97; *Casarez v. State*, 913 S.W.2d 468, 471 (Tex. Crim. App. 1994) (en banc). The Texas Court of Criminal Appeals has yet to extend the application of *Batson* to permit a criminal defendant to challenge the State's request for a jury shuffle. *See Ladd v. State*, 3 S.W.3d 547, 575 n.9 (Tex. Crim. App. 1999) (noting the court has not endorsed the argument that *Batson* naturally extends to jury shuffles).

Because we are unable to find any case which would require the trial court to conclude that relator established good cause for the disclosure of the juror information cards in this instance, we cannot conclude that relator has demonstrated a "clear right to relief." *See Buntion v. Harmon*, 827 S.W.2d 945, 947-48 (Tex. Crim. App. 1992) (en banc) (mandamus relief in a criminal case requires both no adequate remedy at law to redress the alleged harm and a clear right to the relief sought). Accordingly, the petition for writ of mandamus is denied. *See* TEX. R. APP. P. 52.8(a).

PER CURIAM

DO NOT PUBLISH